OPINION
{¶ 1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R.12(5), we have elected to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-appellant, Mary T. Sleesman, appeals from a judgment entry of the Henry County Court of Common Pleas which allegedly amended certain terms of a divorce agreement between appellant and appellee. Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
 {¶ 3} The pertinent facts and procedural history are as follows. Appellant and defendant-appellee, Timothy T. Sleesman, were married on July 25, 1987. Appellant filed a complaint for divorce on August 30, 2000 with the Henry County Court of Common Pleas. Appellee answered on September 12, 2000, admitting that the parties were incompatible. After a hearing on temporary orders, discovery was exchanged and mediations between the parties were held on February 7 and March 27, 2001 without a successful conclusion. A mediation report was filed with the trial court detailing items upon which the parties agreed and those left unresolved.
 {¶ 4} A final hearing was scheduled for September 19, 2001. Prior to the hearing, the parties represented to the court that they had reached an agreement resolving all issues. That agreement was read into the record by appellant's counsel and supplemented by counsel for appellee. Both parties ratified the agreement in open court, and the trial court instructed appellant's counsel to prepare the appropriate entry and submit it to appellee's counsel for his approval.
 {¶ 5} Following the hearing, several disputes arose as to the terms of the parties' agreement particularly concerning appellant's entitlement to a portion of appellee's disability benefits. On October 9, 2002, the parties agreed to file a journal entry with the trial court in order to finalize the non-disputed matters. The entry omitted the disputed language and reserved jurisdiction for the court to decide whether, and to what extent, appellant is entitled to receive a portion of appellee's disability payments.
 {¶ 6} After reviewing the record and considering the memoranda filed by each party on the issue, the trial court, on November 22, 2002, determined that it was not the parties' intent that appellee's current monthly disability benefits be divided with appellant after the effective date of the divorce. The court noted that in the September 19, 2001, hearing, the parties agreed that the trial court would retain continuing jurisdiction in the event appellee becomes eligible for a lump sum disability award in the future. Further, the court held that the parties' agreement provided that only certain retirement benefits were to be divided. The trial court amended the October 9, 2002, judgment entry accordingly.
 {¶ 7} Appellant now appeals asserting one assignment of error for our review.
ASSIGNMENT OF ERROR
 The trial court erred in adding language to the parties' settlement agreement to which the parties did not agree.
 {¶ 8} In her sole assignment of error, appellant asserts that the trial court erred by modifying the parties' divorce settlement agreement. Appellant argues that where a party, such as appellee herein, voluntarily enters into an agreed entry or stipulation resolving an issue in contention, that party cannot later complain about the terms of the agreement absent evidence of fraud, mutual mistake, bad faith or inequitable misconduct.[1] And, appellant claims, appellee offered no evidence of mutual mistake, fraud, bad faith, or inequitable conduct which would have permitted the trial court to reform the agreement.
 {¶ 9} In contrast, appellee asserts that the court did not modify the original agreement. Rather, the trial court found, in its November 20, 2002 judgment entry, that it was not the parties' intent, pursuant to the September 19, 2001 agreement, to continue to divide appellee's current monthly disability benefits. According to appellee, the November 22, 2002 judgment entry correctly stated the terms of the original agreement, which provided that appellant would share a portion of appellee's retirement pension and, further, that the court reserved jurisdiction as to the disability payment in the event appellee received in the future a lump sum payment for past disability payments.
 {¶ 10} In recognition of the fact that the disability payments were received in lieu of a paycheck, the appellee adds that the agreement provided that appellant was to receive 50% of the marital share of the disability benefits accruing between July 1, 2001 and the effective date of the divorce, which was September 19, 2001. The appellee states that, under the agreement, appellant is entitled to a portion of theretirement annuity but not until he actually reaches the age of retirement and is eligible to receive benefits under the retirement annuity.
 {¶ 11} We agree with appellee's analysis in this matter.
 {¶ 12} During the pendency of the divorce, appellee, due to disability, was unable to continue his employment with the CSX Railroad. After applying for a disability determination from the Railroad Retirement Board, appellee began receiving a monthly disability benefit, as provided through the Railroad Retirement Act, beginning July 1, 2001.[2] Appellant maintains that under the original agreement, as reflected in the September 19, 2001 hearing and the October 9, 2002 judgment entry, she is entitled to a portion of appellee's disability benefit payment. In essence, appellant maintains that there is no significant difference between the disability benefit and the retirement benefit and that she is entitled to a portion of both pursuant to the September 19, 2001 agreement.
 {¶ 13} At the September 19, 2001 hearing, appellant's trial counsel declared:
 We understand that Mr. Sleesman has been determined to be disabled by the railroad and he is receiving monthly benefits. We've been provided with that. We've been advised that there is no lump sum to which he's entitled to at the present time. If he does become entitled to that in the future, we would reserve jurisdiction as to that issue.
 With regard to his pension through the railroad, Ms. Sleesman is entitled to a portion of Tier Two. There are two tiers, Tier One and Tier Two. Ms. Sleesman would be entitled to a portion of Tier Two benefits, that being fifty percent of the marital share. The parties were married on July 25th, 1987 and they are proceeding today with the final hearing so that the date of divorce would be considered to be September 19, 2001.
* * *
 If the railroad does not pay Ms. Sleesman retroactively to July 1st, 2001 of her share of the disability benefits, then Mr. Sleesman will make that up.
 {¶ 14} The corresponding paragraph of the October 9, 2002 judgment entry, Paragraph 11, provided as follows:
 Plaintiff, Mary T. Sleesman is awarded and the Railroad Retirement Board is directed to pay an interest in the portion of Timothy P. Sleesman's benefits under the Railroad Retirement Act (45 U.S.C. § 231, Neward Seq.) which may be divided as provided by Section 14 of that act (45 U.S.C. § 231
M). Mary T. Sleesman's share shall be computed by multiplying the divisible portion of Timothy P. Sleesman's monthly benefit by a fraction, the numerator of which is the number of years Timothy P. Sleesman worked for CSX Railroad during the period of the marriage (July 25, 2987 [sic] to September 19, 2001), and the denominator of which shall be Timothy P. Sleesman's total number of years employed by CSX Railroad at retirement, and then dividing the product by two (2).
 {¶ 15} Later, in the November 20, 2002 judgment entry, the trial court added the following language to Paragraph 11: "This paragraph shall not apply to any disability annuity paid by the Railroad Retirement Board." Appellant contends that the addition of this language undermined the agreement that her entitlement to retirement benefits would begin as of July 1, 2001.
 {¶ 16} While appellant's argument before this court tends to confuse the issue, appellee's disability annuity and appellee's retirement annuity are two different benefits. The railroad retirement annuity is composed of several different components of which two are pertinent to the present case. The Tier One component of appellee's retirement annuity is non-divisible and provides the same benefit amount that the Social Security Act would provide if appellee's railroad employment was covered under that Act. The Tier Two component is divisible and is based solely on rail industry service and earnings. There is also a railroad retirement disability annuity which is subject to partition as property in the same manner as the retirement annuity. A disability annuity converts to a retirement annuity when the employee attains "retirement age." As noted infra, the disability benefit is to replace wage income lost as a result of an employee's disability prior to the age of retirement.
 {¶ 17} According to the Railroad Retirement Board, a valid court order will be applied to any type of annuity paid to an employee unless the order expressly exempts an employee's disability annuity from partition. For this reason, the trial court, finding that the parties' agreement did not include dividing this disability income after divorce, amended the language in Paragraph 11, thereby eliminating prospective monthly payments to appellant out of appellee's disability annuity subsequent to the effective date of the divorce. Appellant maintains this was a modification of the agreement. We find that it is not.
 {¶ 18} The language added to Paragraph 11 by the November 20, 2002 judgment entry mirrors the agreement read into court by appellant's counsel on September 19, 2001 and adopted by both parties. Although appellant asserts that the terms of the October 9, 2002 judgment entry were modified, the facts illustrate to us that the disability division urged by appellant was not contained in the agreement orally entered into the record on September 19, 2001.
 {¶ 19} The judgment entry of November 20 was not a modification of the parties' original agreement. Rather, the court simply finalized one of the components left hanging unresolved in the court's judgment entry of October 9.
 {¶ 20} That entry introductorily provided, in relevant part:
 * * * [S]everal disputes have arisen as to the agreement reached between the parties concerning Plaintiff's entitlement to a portion of Defendant's disability benefits. * * * The Court is now advised that the parties have reached an agreement wherein they desire to file the within decree, as these matters are not in dispute, and reserve on to the Court the jurisdiction to decide whether, and to what extent Plaintiff is entitled to receive a portion of Defendant's disability payments. * * *
 {¶ 21} The final paragraph of that entry, paragraph 17, then specifically provides: "The Court retains jurisdiction to consider Plaintiff's entitlement to disability benefits of Defendant * * *."
 {¶ 22} Clearly, the court's judgment entry of October 9, 2002, left pending the issue of the division of disability benefits (but not the retirement benefits) while the court weighed the conflicting arguments of each party as to the correct interpretation of the original agreement. Previous attempts of the parties, themselves, to reduce this aspect of the agreement to writing never came to fruition. Once the court made its decision, it then recorded its interpretation on November 20, 2002, by making the necessary textual changes to its October 9th entry. It modified no agreement of the parties; only articulated it. The court was not required to find fraud, mutual mistake, bad faith or inequitable misconduct in order to do so; finalization of that issue had been specifically reserved by the court.
 {¶ 23} Accordingly, appellant's assignment of error is without merit and is hereby overruled.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] See Wulff v. Wulff (Dec. 24, 1987), Cuyahoga App. No. 52765.
[2] The Railroad Retirement Act, 54 U.S.C. § 231 et seq., is a federal statute administered by the Railroad Retirement Board,20 C.F.R. Part 295, an agency of the federal government, that replaces the Social Security Act for rail industry employers and employees.